**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MARVIN CLARK,** | * |
| Plaintiff, | * |
| v. | *   Civil Action No. DLB-19-3519 |
| **PAUL SAVAL,** *et al.*, | * |
| Defendants. | * |
| | *** |

**MEMORANDUM OPINION AND ORDER**

Marvin Clark experienced post-traumatic stress disorder, anxiety, and depression after a work-related motor vehicle accident. In this litigation against Paul Saval and Saval Food Services ("Saval Food"), his employer, he claims that defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117, when they failed to accommodate his disabilities after his accident and then terminated his employment.

Defendants moved to dismiss the complaint, arguing there is no subject matter jurisdiction over Mr. Saval and Saval Food, Mr. Clark failed to exhaust administrative remedies as to Saval Food, and the complaint was untimely filed. ECF 7 & 7-1. Because the Court lacks subject matter jurisdiction over Mr. Saval, the claims against him will be dismissed without prejudice. As to Saval Food, the Court finds that Mr. Clark has sufficiently identified his former employer as a defendant for the Court to exercise subject matter jurisdiction over it. Further, plaintiff has exhausted his administrative remedies. However, because plaintiff filed his complaint in this Court more than ninety days after he claims he received his dismissal and notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") and he has not identified equitable grounds to toll the limitations period, his complaint is untimely. Defendants' motion to dismiss

the complaint is granted. Dismissal of the claims against Saval Food is without prejudice. Plaintiff may file an amended complaint against Saval Food, if he has a good faith basis for doing so, that is consistent with this Memorandum Opinion and Order and alleges why the ninety-day limitations period does not bar his claims. Any amended complaint must be filed by January 21, 2021.

**I.     Background**

On April 20, 2017, Mr. Clark had a work-related motor vehicle accident. Compl. 7, ECF 1. He claims that, when he returned to work, Saval Food "did not acknowledge the fact that [he had] PTSD, anxiety and depression," which resulted from the accident. *Id.* at 6. Mr. Clark alleges that he had a doctor's order for sedentary work, "not light to medium duty," and that he should return initially as a helper, rather than a driver "so [his] PTSD would not be triggered." *Id.* at 7. He claims that his employer failed to accommodate his disabilities on February 14, 16 and 25 and March 5 and 19, 2018. *Id.* at 5–6.

On March 7, 2018, Mr. Clark filed a disability discrimination and retaliation claim with the EEOC. ECF 7-3. On June 11, 2018, Saval Food terminated his employment. Defs.' Mot. 2; *see* Compl. 5 & 7 (alleging termination without providing date). He claims that he was "terminated when [he] was trying to get them to accomodate [sic] [his] needs due to [his] diagnosis." Compl. 5 & 7.

On September 10, 2019, the EEOC mailed plaintiff a dismissal and notice of right to sue letter. ECF 1-2. It stated that it was "unable to conclude that the information obtained establishes violations of the statutes." *Id.* The notice provided:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. . . .
>
> . . .

2

> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. . . . Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

*Id.* (emphasis in notice). Plaintiff stated in his complaint that he received the notice on the same day that it was mailed to him. Compl. 6.

On December 10, 2019, plaintiff filed suit against Paul Saval in this Court. *Id.* On December 20, 2019, the Court informed him that an individual cannot be held liable under the ADA. Dec. 20, 2019 Order, ECF 3 (citing 42 U.S.C. § 12111(2)). The Court noted that plaintiff identified Saval Food Service in the summons and on the civil cover sheet that he filed with his complaint, ECF 1-1 & 1-3, and directed him to "promptly notify the Court in writing" if he intended to sue Saval Food. *Id.* On December 30, 2019, plaintiff filed a new summons for Saval Food Service. ECF 4.

On January 17, 2020, Paul Saval and Saval Food Service filed a motion to dismiss. ECF 7. Because not all the parties had consented to proceed before a magistrate judge at that time, the Court struck the motion and directed Mr. Clark not to file a response. ECF 12; *see* Case Mgmt. Order, ECF 10. Thereafter, the parties consented to proceed before a magistrate judge, and defendants informed the Court that they wished to renew their motion. ECF 19.

On August 28, 2020, the Court reinstated defendants' motion, mailed plaintiff a copy of the motion, and directed him to respond by September 18, 2020. ECF 20. The Court did not receive a response from plaintiff. On November 17, 2020, defendants filed a line in which they noted that plaintiff had not responded and that their motion was ripe. ECF 22. A hearing is not necessary. *See* Loc. R. 105.6.

### A. Defendants' Motion

Defendants filed their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defs.' Mem. 1. Defendants argue that the Court lacks subject matter jurisdiction over Paul Saval because he cannot be held liable under the ADA. *Id.* at 5–6. Likewise, they contend that the Court lacks subject matter jurisdiction over Saval Food because plaintiff failed to amend the complaint to name the corporate defendant. *Id.* Defendants also challenge whether Mr. Clark exhausted his administrative remedies, which they present as a jurisdictional issue. *Id.* at 4–5. Additionally, defendants contend that Mr. Clark failed to state a claim because he filed his complaint in this Court more than ninety days after he received his notice of right to sue from the EEOC. *Id.* at 7.

### B. Plaintiff's Opposition

On November 17, 2020, plaintiff called the Clerk's Office and stated that he had filed a response by September 18 and that he would mail another copy to the Clerk's Office that day. On November 24, 2020, the Clerk's Office received a November 18, 2020 letter from plaintiff. He stated that he had mailed a letter in opposition to defendants' motion before the September 18, 2020 deadline, and he enclosed a copy of his letter. He also enclosed a copy of a letter request he had sent, seeking permission to file documents electronically. Both letters were dated September 4, 2020. Neither the September 4, 2020 letters nor the November 18, 2020 letter was signed.

Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). It also requires the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Accordingly, if plaintiff does not submit signed copies of his letters, the Court must strike them.

4

In any event, even if it were signed, plaintiff's opposition does not address defendants' arguments regarding jurisdiction, timeliness, and exhaustion of administrative remedies. Rather, plaintiff simply contends that "Saval Food Service has no merit to ask for a dismissal of Civil Action No. 19-CV-3519 DLB based on their lack of knowledge and understanding of Post Traumatic Stress Disorder, Anxiety and Depression." Pl.'s Opp'n 1.

## II.     Standard of Review

The Fourth Circuit previously considered administrative exhaustion to be a jurisdictional issue, but the Supreme Court more recently held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850–51 (2019). The ADA is "[m]odeled after Title VII" and "incorporates that statute's enforcement procedures, including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (citing 42.U.S.C. §§ 2000e–5(b), (f)(1), 12117(a)); *see Tolliver v. Eleven Slade Apt. Corp.*, No. CCB-19-2478, 2020 WL 6450282, at *2 (D. Md. Nov. 2, 2020) (noting 42 U.S.C. § 12117(a) "adopt[ed] in the ADA the enforcement provisions of [Title VII], codified at 42 U.S.C. § 2000e-5, which require filing a charge"). Therefore, the Court will apply the Rule 12(b)(6) standard to its consideration of defendants' administrative exhaustion argument. *See Davis*, 139 S. Ct. at 1850–51; *Sydnor*, 681 F.3d at 593; *Cowgill v. First Data Techs., Inc.*, No. ADC-19-2565, 2020 WL 551913, at *3 (D. Md. Feb. 4, 2020) ("Though the Supreme Court in *Davis* was addressing a Title VII Charge, plaintiffs must follow identical EEOC procedures when bringing a Charge of Discrimination under both Title VII and the ADA.

Accordingly, the Court will evaluate all of Defendants' arguments—including those relating to administrative exhaustion—under a Rule 12(b)(6) standard.").[1]

A Rule 12(b)(6) motion challenges "the legal sufficiency of a complaint" on the grounds that, "even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law 'to state a claim upon which relief can be granted.'" *Thomas-Lawson v. Koons Ford of Balt., Inc.*, No. SAG-19-3031, 2020 WL 1675990, at *2 (D. Md. Apr. 6, 2020) (citing *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017)); *see* Fed. R. Civ. P. 12(b)(6).  For purposes of resolving defendants' motion to dismiss, the Court "accept[s] as true all of the factual allegations contained in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)).  To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  Stated differently, "a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cooke v. Caliber Home Loans, Inc.*, No. PWG-18-3701, 2020 WL 1434105, at *3 (D. Md. Mar. 24, 2020) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a motion to dismiss, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387 (quoting *Twombly*, 550 U.S. at 555)).  If, however, an affirmative defense such as statute of limitations "'clearly appears on the face of the complaint,' . . . the Court may rule on that

---

[1] The timeliness of Mr. Clark's filing in this Court also is not a jurisdictional issue. *See* Defs.' Mem. 7; *see also Strothers v. City of Laurel, Md.*, 118 F. Supp. 3d 852, 860 (D. Md. 2015) (noting that defendant's argument that the ninety-day "time limit is jurisdictional . . . is not supported by Fourth Circuit law").

defense when considering a motion to dismiss." *Skibicki v. Fairmont Plaza*, No. PWG-17-1366, 2018 WL 3862252, at *2 (D. Md. Aug. 14, 2018) (quoting *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012)); *see Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Rule 12(b)(1) "allows [a party] to assert lack of subject matter jurisdiction by motion as a defense to a claim for relief." *Musari v. Countrywide Home Loans*, No. PWG-15-3028, 2016 WL 4124227, at *2 (D. Md. Aug. 3, 2016). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011) (quoting *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). When a defendant files a Rule 12(b)(1) motion that

> assert[s] a facial challenge that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as [defendants do] here, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration."

*Criscione v. U.S. Nuclear Regulatory Comm'n*, No. PWG-19-2087, 2020 WL 5912567, at *4 (D. Md. Oct. 6, 2020) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Thus, the same standard applies. *See id.*

### III. Discussion

#### A. Jurisdiction

The first consideration is whether this Court has subject matter jurisdiction over the defendants, as the case cannot proceed without it. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff claims that defendants Paul Saval and Saval Food Service violated the ADA. The ADA provides that "[n]o *covered entity* shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement,

7

or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 423 (4th Cir. 1999) (quoting 42 U.S.C. § 12112(a)) (emphasis in *Jones*). A "covered entity" is "an employer, employment agency, labor organization, or joint labor–management committee." 42 U.S.C. § 12111(2). If the defendant is "neither an employer, employment agency, labor organization, nor a joint labor-management committee as those terms are defined in the ADA," then this Court lacks subject matter jurisdiction over the ADA claims against the defendant. *See Jones*, 192 F.3d at 423 (citing *Woodard v. Va. Bd. of Bar Examiners,* 598 F.2d 1345, 1346 (4th Cir. 1979)).

In his complaint, plaintiff named only Paul Saval as a defendant. On December 20, 2019, this Court informed plaintiff that Mr. Saval, an individual, was not a proper defendant because an individual cannot be held liable under the ADA. Dec. 20, 2019 Order. Because the Court lacks subject matter jurisdiction over the ADA claims against Paul Saval, the claims as to him are dismissed without prejudice. *See* 42 U.S.C. §§ 12111(2), 12112(a); *Jones*, 192 F.3d at 423; *see also Outdoor Amusement Bus. Ass'n v. Dep't of Homeland Sec.*, --- F.3d ----, 2020 WL 7410295, at *12 n.11 (4th Cir. Dec. 18, 2020) ("A dismissal for . . . any . . . defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.") (quoting *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).

Defendants contend that the Court lacks subject matter jurisdiction over Saval Food because plaintiff did not amend his complaint to name the company. Defs.' Mem. 5–6. As noted, plaintiff initially identified Saval Food Service in the summons and on the civil cover sheet filed with his complaint, but he did not name Saval Food Service in his complaint. ECF 1-1 & 1-3. On December 20, 2019, the Court directed him to "promptly notify the Court in writing" if he intended

8

to sue Saval Food. Dec. 20, 2019 Order. On December 30, 2019, plaintiff filed a new summons for Saval Food Service. ECF 4. This filing is a written submission that made clear that plaintiff intended to sue Saval Food. *See* Fed. R. Civ. P. 4(a)(1)(B) (stating that the summons must name the defendant). Pursuant to Rule 15(a)(1), plaintiff could amend his pleading to name Saval Food as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Construing Rule 15 "to secure the just, speedy, and inexpensive determination of [this] action," the Court finds that plaintiff communicated his intent to amend his complaint to name Saval Food as a defendant by issuing a new summons for the company. *See* Fed. R. Civ. P. 1, 4(a)(1)(B); *see also Jha v. XCube Research & Dev., Inc.*, No. PX-18-364, 2018 WL 9988653, at *1 (D. Md. Apr. 19, 2018) (construing "Plaintiff's Motion to Voluntarily Dismiss Defendants Roberts, Trier, and Pytka . . . as a Motion for Leave to Amend the Complaint under Rule 15(a)"); *Germain v. Bishop*, No. TDC-15-1421, 2018 WL 1453336, at *15 (D. Md. Mar. 23, 2018) (construing plaintiff's "Motion to Join Claims . . . as [a] Motion to Amend the Complaint"); *Kim v. Potter*, No. DKC-09- 2973, 2010 WL 11556602, at *1 (D. Md. Mar. 12, 2010) (construing "Plaintiff's motion to add defendants as a motion to file an amended complaint"). Therefore, this Court has subject matter jurisdiction over the claims against Saval Food. *See* 42 U.S.C. § 12112(a).

## B. Exhaustion of Administrative Remedies

An employee asserting discrimination claims against his employer must exhaust his administrative remedies by filing a timely charge with the EEOC before filing a Title VII or ADA claim in this Court. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *see Sydnor*, 681 F.3d at 593 (applying Title VII requirements to ADA). Significantly, an "'administrative charge of discrimination does not strictly limit a Title VII [or ADA] suit which may follow,'" and "courts

9

may in fact adjudicate claims not raised before the agency, if certain requirements are met." *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (quoting *Sydnor*, 681 F.3d at 594).

The Court may consider "those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint . . . ." *Id.* (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005)). Thus, "the 'scope of a Title VII [or ADA] lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case' before the agency." *Id.* (quoting *Hill v. W. Electric Co.*, 672 F.2d 381, 390 n.6 (4th Cir. 1982) (citation and quotation marks omitted)). The Fourth Circuit observed that "plaintiffs, although circumscribed by their administrative complaints, are not wholly banned from raising claims for the first time before the district court, so long as they meet the requirements articulated in *Hill* and *Chacko*." *Stewart*, 912 F.3d at 706.

"[R]etaliation claims 'receive extended flexibility' when being considered under the general rule referenced in *Hill*." *Id.* (quoting *Clarke v. Richmond Behavioral Health Auth.*, No. 3:09CV743, 2011 WL 13274273, at *4 (E.D. Va. Aug. 10, 2011)). Fourth Circuit "precedent 'presupposes both that a retaliation count in a Title VII [or ADA] lawsuit be "related to" and have "grown out" of the EEO charge while the administrative charge remained pending' . . . because 'retaliation claims almost always relate back to previously filed EEO charges . . . .'" *Id.* (quoting *Brown v. Runyon*, 139 F.3d 888 (4th Cir. 1998) (unpublished opinion)). Thus, retaliation claims "may be raised for the first time in district court without the requirement that a plaintiff have exhausted his administrative remedies." *Id.* (quoting *Brown*, 139 F.3d at 888). Further, although the claims that fall under this rule frequently involve retaliation, the Fourth Circuit has "left open the possibility that district courts may hear claims for the first time, beyond just retaliation claims,

10

if they are 'reasonably related to the original complaint' and 'developed by reasonable investigation of the original complaint.'" *Id*. (quoting *Chacko*, 429 F.3d at 506).

Defendants argue that Mr. Clark's claim based on his termination exceeds the scope of his EEOC charge of discrimination, which "focuses solely on an alleged failure to accommodate the Plaintiff." Defs.' Mem. 5.[2] Defendants mischaracterize plaintiff's EEOC charge and his complaint.

In his EEOC charge, Mr. Clark alleged both failure to accommodate and retaliation. ECF 7-3. He checked the boxes for discrimination based on disability and retaliation. *Id.* The checked boxes "alone do[] not determine whether [plaintiff] has exhausted his administrative remedies. Rather, the Court investigates the Charge 'as a whole' . . . ." *Carter v. Montgomery Cty., Md.*, No. TDC-18-2249, 2019 WL 3804765, at *4 (D. Md. Aug. 13, 2019) (quoting *Mercer v. PHH Corp.*, 641 F. App'x 233, 238–39 (4th Cir. 2016)). In his narrative, Mr. Clark claimed that, after his work-related accident, his "doctor[s] . . . request[ed] a reasonable accommodation," but his employer "did not adequately follow the accommodation request." *Id.* He also claimed that "[s]ince requesting accommodation [m]y insurance has been taken away, wages decreased, and 401k denied." *Id.* Additionally, plaintiff alleged that he was "subjected to severe harassment and extreme distress when [he] learned that [his] truck accident was being shown in safety training that [his] colleagues and [he] must attend." *Id*. Finally, he claimed that he "was discriminated against with respect to retaliation for engaging in protected activity, a denial of a reasonable

---

[2] In his complaint, Mr. Clark alleges that defendants' "discriminatory conduct" included their failure to accommodate his disabilities and ultimately their termination of his employment. Compl. 5. Defendants challenge only the administrative exhaustion of the claim based on his termination; they do not address the failure to accommodate claim based on the employer's refusal to provide the accommodation plaintiff requested. Mr. Clark clearly alleged this failure to accommodate his disabilities in his EEOC charge.

11

accommodation, wages, benefits (401k, insurance), unequal terms and conditions of employment, and harassment, due to [his] disability in violation of the [ADA]." *Id.* Thus, plaintiff alleged retaliation as well as failure to accommodate in his EEOC charge. *See id.*

Defendants insist that "the Plaintiff made no attempt to amend his initial charge with the EEOC in order to address his subsequent termination by Saval Food Service," and as a result, his complaint "bears little or no relationship to the underlying discrimination charge, constituting a failure to exhaust administrative remedies." Defs.' Mem. 2. Not so.

Mr. Clark was not required to amend his EEOC charge to address his termination before filing suit in this Court because his termination occurred after his EEOC filing and his claims in this Court are reasonably related to the claims in his EEOC charge. *See Stewart*, 912 F.3d at 705. Before the EEOC, Mr. Clark claimed that Saval Food discriminated based on disability by failing to accommodate his disabilities and retaliated against him for requesting an accommodation. He alleged that his employer decreased his wages, denied him employment benefits such as insurance coverage and a retirement account, and subjected him to harassment. He alleged that the action was "continuing," having occurred as recently as the date on which he filed his EEOC charge.

Mr. Clark's complaint, which the Court construes liberally, can reasonably be read to assert the same basis for discrimination—disability—and the same forms of discrimination—failure to accommodate and retaliation—that he alleged in his EEOC charge. Mr. Clark has alleged here that Saval Food violated the ADA by terminating his employment "when [he] was trying to get

them to accomodate [sic] [his] needs due to [his] diagnosis." Compl. 5 & 7.³ Certainly, the retaliatory conduct in his complaint differs from the retaliatory conduct in his EEOC charge, because he now alleges termination. He was terminated on June 11, 2018, approximately three months after March 7, 2018, the last date on which the discrimination he alleged in his EEOC charge occurred. Arguably, this time lapse makes the termination temporally distinct from the misconduct alleged in his EEOC charge. Under the circumstances of this case, however, the June 2018 termination occurred in the same timeframe as the earlier discrimination because plaintiff alleged that the failure to accommodate and retaliation occurred from April 2017 until March 2018 and that the conduct was ongoing. An investigation of plaintiff's EEOC claim would have led to evidence of his termination after he continued, without success, to seek an accommodation.⁴

The Court finds that Mr. Clark's retaliatory termination claim is "'like or related to allegations contained in the charge'" and that it "'[grew] out of such allegations during the pendency of the case' before the agency" because it is based on retaliatory conduct that follows the trajectory of the retaliatory conduct asserted in his EEOC charge. *Stewart*, 912 F.3d at 705 (quoting *Hill*, 672 F.2d at 390 n.6); *see Mason v. Montgomery Cty.*, No. PWG-13-1077, 2015 WL 3891808, at *8 (D. Md. June 23, 2015) (finding retaliatory termination claim was administratively

---

³ Although he did not check "Retaliation" as the "discriminatory conduct of which [he] complain[s] in this action," he claims that he was terminated in retaliation for seeking an accommodation for his disabilities. *See* Compl. 5 & 7; Fed. R. Civ. P. 1; *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (noting that when a party is self-represented, his or her filings, "however unskillfully pleaded, must be liberally construed"); *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) ("When a plaintiff fails to state a claim, he should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice." (citations and quotation marks omitted)).

⁴ This case is unlike *Johnson v. SecTek, Inc.*, in which the plaintiff alleged only disability discrimination in her EEOC charge, and then sought to add a claim in this Court "with a new form of discrimination (failure to accommodate), not alleged in her EEOC Charge," and the claim may have "involve[d] different actors and different timeframes than those referenced in plaintiff's EEOC Charge." No. ELH-13-3798, 2015 WL 502963, at *6 (D. Md. Feb. 4, 2015).

exhausted because an administrative investigation "would have encompassed Plaintiff's termination, as he alleges it as another event in an ongoing series of discriminatory and retaliatory acts" and termination occurred less than two months after EEOC charge) (citing *Sydnor*, 681 F.3d at 594; citations to record omitted)). Therefore, this Court may consider Mr. Clark's retaliatory termination claim. *See id.*; *Chacko*, 429 F.3d at 506; *Hill*, 672 F.2d at 390 n.6. It is not subject to dismissal for failure to exhaust administrative remedies. *See Stewart*, 912 F.3d at 705.

### C. Timeliness

Defendants argue that Mr. Clark's complaint must be dismissed because he did not file it within the ninety-day limitations period set by the EEOC's filing requirements in 42 U.S.C. § 2000e-5(f)(1). An individual who files an EEOC charge and then files a civil action must do so "within ninety days of receiving the notice of right to sue, as required by 42 U.S.C. § 2000e–5(f)(1)." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653 (4th Cir. 1987); *see Strothers*, 118 F. Supp. 3d at 860. The Fourth Circuit has "held that delivery of a notice of right to sue triggered the limitations period." *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. 1999) (unpublished) (citing *Harvey*, 813 F.2d at 654; *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993); *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983)). "[I]f the actual date of receipt is confirmed by evidence, that date governs." *Id.* (citing *Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 WL 245867, *1 (4th Cir. Sept. 30, 1992) (unpublished)).

This ninety-day period is subject to equitable tolling considerations. *See Harvey*, 813 F.2d at 654. "[A] plaintiff seeking relief from a limitations period based on 'equitable tolling' must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing[.]'" *Edmonson v. Eagle Nat'l Bank*,

14

922 F.3d 535, 548 (4th Cir. 2019) (quoting *Edmondson v. Eagle Nat'l Bank*, No. RDB-16-3938, 2018 WL 582514, at *8–9 (D. Md. Jan. 29, 2018) (quoting *Menominee Indian Tribe of Wisconsin v. United States*, ––– U.S. ––––, 136 S. Ct. 750, 755 (2016))). "The fact that a plaintiff is self-represented is not an independent ground for equitable tolling, since a plaintiff does not need an attorney to file a lawsuit in federal court." *Deabreu v. United Parcel Serv., Inc.*, No. TDC-18-1433, 2018 WL 6329316, at *5 (D. Md. Dec. 3, 2018) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)), *appeal dismissed*, No. 19-1249, 2019 WL 8370867 (4th Cir. May 23, 2019). Indeed, "[c]ourts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*." *Moulden v. Tangherlini*, No. RDB-14-3506, 2015 WL 8757609, at *2 (D. Md. Dec. 15, 2015) (citing *Shelton v. Atlantic Bingo Supply Co.*, DKC-11-0952, 2011 WL 4985277, at *2 (D. Md. 2011) ("Despite Plaintiff's *pro se* status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases.")); *see also Newman v. Md. Oncology Hematology, P.A.*, 2020 WL 6044296, at *1 (D. Md. Oct. 9, 2020) (dismissing complaint filed approximately two weeks late by self-represented plaintiff because, "[g]iven the uncontroverted evidence that Plaintiff was made aware of the correct filing deadline, there [wa]s simply no basis for equitable tolling, and her claims [we]re barred as untimely").

*Harvey*, 813 F.2d 652, provides guidance. In *Harvey*, the claimant's wife received the notice of right to sue on November 27, 1985 and did not give it to the claimant until December 2, 1985. *Id.* The claimant filed suit "on February 26, 1986, some ninety-one days after the claimant's wife had received the letter." *Id.* The Fourth Circuit held that "[i]n a case such as [*Harvey*], district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Id.* at 654. Accordingly, the *Harvey* Court "review[ed] the record before [it]," and was "persuaded that no such grounds [were] present"

because "Mr. Harvey knew of the right to sue letter within six days of its arrival and this left him eighty-four days to file his complaint." *Id.* It reasoned that "[t]here ha[d] been no showing that this was not sufficient time within which to act" and therefore the "facts [did not] support equitable tolling." *Id.*; *see also Watts-Means*, 7 F.3d at 42 (concluding that there was no basis for equitable tolling because the plaintiff had eighty-five days from actual receipt to file a claim); *Nguyen*, 1999 WL 556446, at *4 (concluding that there were no grounds for equitable tolling where plaintiff "had 80 days to file her complaint before the 90-day deadline," which the Court considered "ample opportunity"); *Moulden*, 2015 WL 8757609, at *3 (concluding that plaintiff's Title VII and ADEA claims, filed ninety-two days after his receipt of his notice of right to sue, were not timely and the plaintiff, who had "neither advanced any arguments in support of applying equitable tolling, nor . . . presented this Court with any circumstances to suggest it," had not shown grounds for equitable tolling).

Here, plaintiff stated in his complaint that he received the notice of right to sue on September 10, 2019. Compl. 6. This is the same date on which the right to sue letter was mailed from the EEOC's Baltimore office to plaintiff's Baltimore home. ECF 7-4. Typically, even local mail takes at least two to three business days to reach an addressee. Perhaps the right to sue letter also was hand-delivered to plaintiff on the same date it was mailed, which would explain plaintiff's representation that he received the notice on the same day it was mailed. In any event, on the facts before the Court, the ninety-day limitations period began on September 10, 2019. *See* 42 U.S.C. § 2000e–5(f)(1); *Harvey*, 813 F.2d at 654; *see also Nguyen*, 1999 WL 556446, at *3. Mr. Clark was required to file suit in this Court by December 9, 2019, but he did not do so until December 10, 2019, the ninety-first day. His complaint was untimely. *See* 42 U.S.C. § 2000e–5(f)(1); *Harvey*, 813 F.2d at 654.

16

Further, plaintiff has not shown a basis for equitable tolling. His *pro se* status is neither sufficient grounds for tolling nor a basis for a more relaxed application of the limitations period. *Deabreu*, 2018 WL 6329316, at *5; *Moulden*, 2015 WL 8757609, at *2. Plaintiff did not argue in his opposition that he "ha[d] been pursuing his rights diligently" or that "some extraordinary circumstance stood in his way and prevented timely filing." *See Edmonson*, 922 F.3d at 548. Consequently, he has not demonstrated a basis for equitable tolling, and filing a signed opposition would not remedy the deficiency. *See id.* His complaint must be dismissed as untimely. *See id.*; 42 U.S.C. § 2000e–5(f)(1); *Harvey*, 813 F.2d at 654.

"When a plaintiff fails to state a claim, he should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citations and quotation marks omitted)). Dismissal should be with prejudice only "if there is no set of facts the plaintiff could present to support his claim." *Id.* at 826 (citing *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)). Plaintiff arguably could show that the limitations period does not bar his claims against Saval Food. Therefore, dismissal is without prejudice. Plaintiff will have the opportunity to file an amended complaint that shows that the limitations period does not bar his claims, if he has a good faith basis for doing so. *See id.*

## **ORDER**

For the reasons stated in this Memorandum Opinion, it is, this 23rd day of December, 2020 hereby ORDERED that

1. Defendants' motion to dismiss, ECF 7, IS GRANTED;

2. Plaintiff's claims against Paul Saval ARE DISMISSED without prejudice for lack of subject matter jurisdiction;

3. Plaintiff's complaint IS DISMISSED without prejudice;

4. On or before January 21, 2021, plaintiff may file an amended complaint against Saval Food that shows that the ninety-day limitations period does not bar his claims, if he has a good faith basis for doing so;

5. Plaintiff must sign every pleading and filing with this Court.  Any filing that is not signed after the Court has brought this deficiency to plaintiff's attention will be stricken;

6. Plaintiff may file signed copies of his September 4, 2020 and November 18, 2020 letters if he would like the Court to consider them; and

7.  The Clerk's Office will mail a copy of this Memorandum Opinion and Order to Plaintiff.

___/S/___  
Deborah L. Boardman  
United States Magistrate Judge